# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

RICKY REANORDO MURPH, JR., )
           Petitioner, )
            )
v. )   Case No. CIV 13-513-RAW-KEW
            )
ROBERT PATTON, DOC Director, )
            )
           Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, attacks his conviction in Carter County District Court Case No. CF-2009-384 for Trafficking in Illegal Drugs (Count I) and Possession of a Controlled Dangerous Substance (Count II), both after former conviction of three prior felonies.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

01/31/2012   Petitioner's Judgment and Sentence was affirmed in *Murph v. State*, No. F-2011-075 (Okla. Crim. App. Jan. 31, 2012).

04/30/2012   Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court.

12/31/2012   Petitioner filed an application for post-conviction relief in the Carter County District Court.

01/03/2013   The trial court denied petitioner's application for post-conviction relief.

10/25/2013   Petitioner's appeal of the denial of his application for post-conviction relief was denied as untimely in *Murph v. State*, No.

PC-2013-815 (Okla. Crim. App. Oct. 25, 2013).

11/18/2013  Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner's conviction became final on April 30, 2012, upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001). Pursuant to the AEDPA, petitioner's statutory year began to run on May 1, 2012, and it expired on May 1, 2013. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final).

Pursuant to 28 U.S.C. § 2244(d)(2), however, the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application regarding his

convictions on December 31, 2012, and it was denied as untimely three days later on January 3, 2013. Petitioner is allowed 30 additional days of tolling after the denial of the post-conviction application when no appeal is taken, or when the appeal fails on procedural grounds. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law.") (emphasis in original).

Extending the tolling by an additional 33 days for the post-conviction proceedings, the deadline for filing this petition was June 3, 2013. The petition, filed on November 18, 2013, was untimely and therefore barred by the statute of limitations.

Petitioner alleges there were extraordinary circumstances that delayed his filing the petition, so he should be granted equitable tolling. He asserts his numerous transfers, his placement in administrative segregation, and his limited access to legal materials prevented him from preparing and filing a timely petition.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). Furthermore, "[a] claim of insufficient access to relevant law . . . is not enough to support equitable tolling," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition (Docket No. 9) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 9th day of September 2014.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE